IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

AUSTIN ATWATER,

Petitioner,

v.

No. 1:23-cv-01188-JDB-jay
No. 1:16-cr-10076-JDB-1

UNITED STATES OF AMERICA,

Respondent.

---

ORDER DENYING MOTION UNDER FED. R. CRIM. P. 52(B)
AND
DISMISSING § 2255 PETITION WITHOUT PREJUDICE

---

The Petitioner, Austin Atwater, Bureau of Prisons ("BOP") register number 29850-076, an inmate incarcerated at United States Penitentiary Coleman I in Sumterville, Florida, has filed a pro se document entitled "Motion in Support of Correcting Judgement/Sentence Under Rule 52(b)." (Docket Entry ("D.E.") 1.) He argues therein that "he was advised that he would receive credit for jail time spent and his sentence for [W]illiamson [C]ounty case number 1-cr-018513 would run concurrently to the instant offense as well as other pending cases but consecutively to case number 1-cr160098 . . .." (*Id.* at PageID 1.) He contends that the Court erred in stating which of his two Williamson County cases should run consecutive to his federal sentence and that the Court has the power to correct the sentence imposed.

The motion was filed erroneously as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding

invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).  Atwater's assertion of error does not meet these requirements and cannot be construed as a § 2255 motion.  *See* 28 U.S.C. § 2255(a).

However, a prisoner's challenge to the execution of his sentence, including the determination of credit for time spent in state custody, is properly brought in a 28 U.S.C. § 2241 petition.  *See United States v. Gordon*, Case No. 17-20067, 2019 WL 5586966, at *1 (E.D. Mich. Oct. 30, 2019) (citing *Sullivan v. United States*, 90 F. App'x. 862, 863 (6th Cir. 2004)) ("The application of good-time credits . . . is properly analyzed under § 2241"); *O'Bryan v. Terris*, Case No. 2:16-CV-12591, 2017 WL 3225962, at *2 (E.D. Mich. July 31, 2017), *aff'd*, No. 17-2025, 2018 WL 4191326 (6th Cir. Mar. 1, 2018) (addressing prisoner's § 2241 claim challenging "the BOP's decision to deny him credit on his federal sentence for the time he spent in state custody").  To the extent Atwater seeks to challenge his sentence calculation or the execution of his sentence, he may seek relief by filing a petition under § 2241 in the jurisdiction where his custodian is located after he has exhausted his administrative remedies.

For these reasons, the Court will address Atwater's motion under Rule 52 of the Federal Rules of Criminal Procedure.

BACKGROUND

In July 2016, a federal grand jury sitting in the Western District of Tennessee returned a one-count indictment charging Atwater with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(3).  (*United States v. Atwater*, 1:16-cr-10076-JDB-1 (W.D. Tenn.) ("No. 16-10076"), D.E. 2.)  In June 2017, Atwater pleaded guilty to Count One without a plea agreement.  (*Id.*, D.E. 26-27.)

The presentence investigation report ("PSR") calculated the advisory guideline imprisonment range as 188 to 235 months based on a criminal history category of VI and a total offense level of 31. Because Atwater was an armed career criminal, he had a mandatory minimum sentence of 180 months imprisonment. The PSR noted that he had undischarged terms of imprisonment in Williamson County, Tennessee, Circuit Court, Docket Nos. I-CR018513 (a four-year sentence for conspiracy to possess marijuana with the intent to sell or deliver) and I-CR 160098 (a two-year sentence for felony failure to appear). He also had pending cases in Carroll County, Tennessee, General Sessions Court, Docket Nos. 15CR2000[1] and 16CR127, and in Jackson, Tennessee, City Court, Docket No. 208242. Movant's counsel argued that the undischarged terms of imprisonment in Williamson County and the other pending state cases should run concurrently to the federal sentence.

On October 25, 2017, the Court sentenced Atwater to 125 months of imprisonment, "to be served concurrently with sentences imposed in Williamson County, TN Circuit Court Case No. 1-CR160098, Carroll County, TN General Sessions Court Case No. 15CR2001-1 to 8, Carroll County, TN General Sessions Court Case No. 16CR127-1 to 3 and Jackson City Court, Jackson, TN Case No. 208242." (*Id.*, D.E. 36 & 38 at PageID 118.) The federal sentence was "to be served consecutively to Williamson County, TN Circuit Court Case No. 1-CR018513." (*Id.*, D.E. 38 at PageID 118.)

At the sentencing hearing, the Court specifically addressed movant's state court sentences stating:

[1]In the judgment, there is a reference to Carroll County Docket No. 15CR2001, not 15CR2000. (No. 16-10076, D.E. 38 at PageID 118.)

> As far as the other cases, the Court, in determining . . . how these interact with the other sentences that Mr. Atwater is subject to at this point, the two out of Williamson County, looks like – I guess that's I-cr-018513, the Court is going to run this sentence consecutive to that sentence, but concurrent to the Docket No. I-cr-160098, which is the second case.
>
> In terms of the other matters that are pending out of Jackson City Court, Docket No. 208242 and Docket No. 16-cr-127-13, which are out of Huntingdon, I will run concurrent with the sentence that the Court has imposed.

(*Id.,* D.E. 42 at PageID 156.) The Court also ran Docket No. 15-cr-2000 concurrently with the federal sentence.

Atwater did not appeal.

DISCUSSION

Petitioner contends that Williamson County Docket No. 1-cr-018513 should have been run concurrently to his federal sentence and that Docket No. 1-cr-160098 should have been run consecutively to his federal sentence. He seeks relief under Rule 52(b), which states that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention."

The Court has reviewed the PSR, judgment, and sentencing transcript in this case. Although Atwater contends that he was advised he would receive credit for jail time spent and that Williamson County Docket No. 1-cr-018513 would run concurrent to the federal sentence, that argument is not consistent with the record at sentencing. The record clearly indicates that the Court determined that Williamson County Docket No. 1-cr-018513, the longer sentence, is the sentence that was to run consecutively to the federal sentence. The judgment is consistent with the Court's imposition of Atwater's sentence at the sentencing hearing. There is no plain error.

For this reason, the motion is DENIED. The Clerk SHALL docket this order in Case No. 1:16-cr-10076-JDB-1 (W.D. Tenn.).

The Clerk SHALL also docket this order in the instant matter. Because the motion is not one for relief under § 2255, this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 27th day of December 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE